STATE OF MAINE

YORK, ss.

LINDA SCHOFIELD,

Plaintiff

v.

LABOSCAM, INC.,

Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-197
PAF - YOR - 6/6/2002

DECISION AND ORDERS

DONALD L. GARBRICK
LAW LIBRARY

JUN 17 2002

On October 2, 1998 the plaintiff was involved in a motor vehicle accident with a vehicle driven by an employee of the defendant. She is seeking damages for physical and psychological injuries including damages based on a diagnosis by Dr. Syed Kazmi of post-traumatic fibromyalgia. That diagnosis is challenged by the defendant's expert, Dr. Peter Esponnette. The defendant has filed a motion *in limine* to exclude expert testimony or evidence concerning fibromyalgia in its relationship to the subject accident. The plaintiff has filed a motion *in limine* on the same topic. The parties have submitted very helpful written arguments and the motions have been argued.

Both sides agree that fibromyalgia can exist and that the plaintiff has stated that she has certain symptoms that are consistent with fibromyalgia. The parties disagree as to whether fibromyalgia can be caused by trauma, what standard should be applied in determining whether the jury should hear testimony about post-traumatic fibromyalgia, and whether whatever degree of reliability must be met has

been met in order to allow the jury to hear about fibromyalgia caused by an automobile accident.

Before turning to what fibromyalgia is and what the state of knowledge is about post-traumatic fibromyalgia, the first question is what is the role of the trial justice. How good does the science and medicine behind the diagnosis have to be before the jury gets to hear it and accept or reject it?

The starting point is Rule 702, M.R.Evid., which states that "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Rule 104(a) gives the duty of determining the admissibility of evidence to the trial judges.

Two now well known cases of the Supreme Court of the United States have dealt with these issues in the context of the equivalent federal Rules 702 and 703. *See Kumbo Tire Co. v. Carmichael*, 526 U.S. 119 S.Ct. 1167 (1999) and *Daubert v. Merrill Dow Pharmaceuticals, Inc..*, 509 U.S. 579 (1993). While these cases deal with the Federal Rules of Evidence and, unlike decisions based on the interpretation of the federal constitution or a federal statute, are not binding on the State of Maine they provide helpful guidance in interpreting the Maine Rules of Evidence.

The cases from the Maine Supreme Judicial Court, while not stating directly that it has adopted *Kumbo Tire* or *Daubert*, are strongly supportive of them. *State v. MacDonald*, 718 A.2d 195, 198-9 (Me. 1998) mentions and quotes from *Daubert* while

2

applying principles set out in *Daubert*. *State v. Tomah*, 736 A.2d 1047, 1055 (Me. 1999) mentions it at note 11 in the dissent. The dissent does not deal with a dispute as to whether *Daubert* should be adopted. *Green v. Cessna Aircraft Co.*, 673 A.2d 216, 218 (Me. 1996) also cites *Daubert* with favor. Therefore a *Daubert* type analysis should be performed by the trial justice in this case.

In an April 4, 1997 opinion of the Maine Superior Court, Justice Mead, in *Trask v. Automobile Insurance Co.*, Penobscot CV-94-379, wrote a thoughtful and helpful opinion on the admissibility of evidence concerning post-traumatic fibromyalgia. "Fibromyalgia" was described as "a syndrome of widespread pain, decreased pain threshold and characteristic symptoms, including non-restorative sleep, fatigue, stiffness, mood disturbance, irritable bowel syndrome, headache, paresthesias and other features." In his seven page opinion he concluded that the proffered testimony that the primary plaintiff suffered from post-traumatic fibromyalgia should be excluded for lack of scientific support.

Not much, despite court cases cited by the plaintiff, has changed since then. The plaintiff's expert Dr. Kazmi admitted that the exact cause of fibromyalgia was unknown and that the medical community does not know what its cause is. His conclusion that the car accident caused the claimed fibromyalgia is based in large part, see pages 93 and 95 of his deposition, on the proposition that she was fine before the accident and sick afterwards. This reasoning was rejected in Justice Mead's opinion and should continue to be rejected.

The best case for the plaintiff's contention is found at page 106 of the deposition of Dr. Kazmi where he indicates that, as of April 11, 2001, "I think at this point more and more people are believing that trauma could be one of the causes of fibromyalgia. It's not the only cause of fibromyalgia." At page 107 he states that fibromyalgia is an accepted diagnosis and that post-traumatic fibromyalgia is beginning to be accepted. If we are only at that point were doctors believe it could be rather than know that it is, we do not yet have testimony and a diagnosis that is sufficiently reliable.

It may be the case that in 5, 10 or 20 years evidence of post-traumatic fibromyalgia will be routinely submitted to juries in proper cases and we will be bemused with the historical oddity that the testimony was once excluded. Or it may be the case that the evidence will indicate that there is no support for the plaintiff's contentions. Given the current lack of reliability the evidence and testimony must be excluded.

The transcript of the deposition of Dr. Esponnette, the defendant's expert, is even more supportive of these conclusions. At page 25 Dr. Esponnette indicated, ". . . I was unable to find a single article written in an authorative journal, a real journal which you haven't named yet, that would suggest that there is a reasonable causation of fibromyalgia by trauma."

The plaintiff has also filed a motion *in limine* to exclude the testimony of Dr. Esponnette. To the extent that Dr. Esponnette's testimony is soley to rebut Dr. Kazmi regarding post-traumatic fibromyalgia the motion is dismissed as moot. The motion is otherwise denied.

The final motion is defendant's motion *in limine* to exclude the testimony of Dr. Vincent Herzog. At his deposition Dr. Esponnette was asked to name some other doctors who agreed with him regarding post-traumatic fibromyalgia. Among those listed as agreeing with him, if they had not changed their minds, was Dr. Herzog.

Plaintiff's counsel contacted Dr. Herzog who informed him that he did not agree with Dr. Esponnette. The plaintiff would like to use Dr. Herzog as a rebuttal witness or perhaps to bolster Dr. Kazmi's opinions. The defendant has moved to exclude Dr. Herzog's testimony. Since Dr. Kazmi will not be permitted to offer testimony about post-traumatic fibromyalgia, Dr. Esponnette's testimony on that subject is no longer needed and Dr. Herzog is not needed in rebuttal. Additionally, Dr. Herzog's opinions about post-traumatic fibromyalgia, if not in rebuttal, would violate the one expert per issue order of August 25, 2000 and come too late in the case.

The entries are:

> Defendant's motion *in limine* to exclude the opinion testimony of Dr. Kazmi regarding fibromyalgia is granted.

> Plaintiff's motion *in limine* regarding Dr. Esponnette's testimony is dismissed in part, denied in part.

> Defendant's motion to exclude testimony of Dr. Herzog is granted.

Dated:      June 6, 2002

Ronald R. Coles, Esq. - PL
Gerard O. Fournier, Esq. - DEF

Paul A. Fritzsche
Justice, Superior Court

5